ELI DIEMER, Register, for the use of PETER SECHRIST, *against* CHRISTIAN SECHRIST.

A presumption of satisfaction from lapse of time, arises in the case of an administration bond; and the computation runs from the period when the money was demandable.

WRIT of error to the Common Pleas of Mifflin county.

This suit was brought on the administration bond of the defendant, *Christian Sechrist,* one of the administrators of *Christian Sechrist,* Sr. deceased, by *Peter Sechrist,* one of the heirs.

The plaintiff gave in evidence the bond dated 10th May, 1797; the inventory amounting to seven hundred and forty-five pounds sixteen shillings and two pence, filed 15th August, 1797; an administration account of the defendant and his co-administrators, filed 7th January, 1803, showing a balance in the hands of accountants, of one thousand four hundred and fifty-six pounds eighteen shillings and ten pence; and also, their supplementary administration account, filed the 20th August, 1805, showing a balance in their hands of one thousand five hundred and eighty-five pounds seven shillings and ten pence.

The plaintiff having given this evidence, the defendant's counsel requested the court to instruct the jury, that the common law limi-

(Eli Diemer, Register, for the use of Peter Sechrist, *v.* Christian Sechrist.)

tation was a bar to the plaintiff's recovery under the evidence given.

The court, (*Burnside*, president,) being of this opinion, a verdict and judgment was rendered for the defendant.

The opinion of the court was assigned as error.

*Wilson* and *Potter*, for plaintiff in error.

An administration bond is not embraced within the reason of the law which bars a recovery after twenty years. In this bond, there is no time fixed for the payment of the estate to the heirs. Although the defendant settled an account in 1803, and again in 1805, yet these accounts do not appear to have been a final settlement of the estate; he has never been discharged by the Orphans' Court, and is therefore, yet the administrator of the estate of the deceased, and may have recovered money of the estate, up to the time when this suit was brought. An administrator is a trustee, and holds the estate in trust for the heirs, and on this ground the limitation does not apply; for although an administrator may plead the statute against a creditor, yet he cannot do so against the heir or next of kin. *Decouche* v. *Savetier*, 3 *Johns. Chan.* 190. *Arden* v. *Arden*, 1 *Johns. Chan.* 313. *Norton* v. *Turvill*, 2 *Peer Wms.* 145. *Farrington* v. *Knightly*, 1 *Peer Wms.* 549. *Johnston* v. *Humphreys*, 14 *Serg. & Rawle*, 394. *Kane* v. *Bloodgood*, 7 *Johns. Chan.* 90.

*Hale*, for defendant in error, whom the court declined to hear.

PER CURIAM.—A presumption of satisfaction from lapse of time, arises in the case of every species of security for the payment of money, whether bond, mortgage, judgment, or recognizance; and the computation runs from the period when the money was demandable. The plaintiff was entitled, if not before, yet certainly at the settlement of the administration account in 1805, and without any thing to rebut the presumption, he is clearly too late with his suit in 1826. He relies on the fact that the settlement before the Register was not confirmed by the Orphans' Court; but is there the less room for a presumption of satisfaction, because the administrators were not called on to perfect their account? It is unnecessary to say that the limitation runs from the time when the parties interested are first entitled to demand an account—that point will, when it arises, merit consideration, but we confidently assert that the arrest of a judgment actually in progress, strengthens, rather than weakens the presumption of compromise and satisfaction.

Judgment affirmed.